PATRICIA L. GLASER - State Bar No. 55668
pglaser@glaserweil.com
G. JILL BASINGER - State Bar No. 195739
jbasinger@glaserweil.com
CRAIG H. MARCUS - State Bar No. 156242
cmarcus@glaserweil.com
GLASER, WEIL, FINK, JACOBS,
  HOWARD, AVCHEN & SHAPIRO, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920

Attorneys for Plaintiff
SAN DIEGO COUNTY EMPLOYEES RETIREMENT ASSOCIATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO COUNTY EMPLOYEES RETIREMENT ASSOCIATION<br><br>Plaintiff,<br><br>v.<br><br>WALLER LANSDEN DORTCH & DAVIS LLP; DOES 1-50,<br><br>Defendants. | CASE NO.: CV-14-00403-DDP-(PJWx)<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND [~~PROPOSED~~] PROTECTIVE ORDER**<br><br>BEFORE THE HONORABLE PATRICK J. WALSH<br><br>Complaint Filed: December 10, 2013 |

WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic, sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order will adhere to the following terms. Failure to adhere to the terms of this Protective Order may constitute contempt of Court.

**Non-Disclosure of Discovery Material**. With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery or Rule 26 disclosures in this action) that a person has designated as "Confidential" ("Confidential Discovery Material") pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

**Confidential Material**. The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of nonpublic information subject to other confidentiality agreements, proprietary business information, information of a personal or intimate nature regarding any individual, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that

party's business or the business of any of that party's customers or clients, or any other category of information the Court subsequently affords confidential status.

**Persons Authorized to Receive Confidential Material**. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

    the Parties to this action and their employees, their insurers/reinsurers, and counsel to their insurers/reinsurers;

    counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

    outside vendors or service providers (such as copy service providers and document-management consultants) that counsel hire and assign to this matter;

    any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit "A" hereto;

    the author, addressee, or any other person indicated on the face of a document as having received a copy of the document;

    any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit "A" hereto;

    any person a Party retains to serve as an expert witness or who otherwise provides specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit "A' hereto;

    stenographers engaged to transcribe depositions the Parties conduct in this action; and

    this Court, including any appellate court, its support personnel, and court reporters.

    **Non-Disclosure Agreement**. Before disclosing any Confidential Discovery

Material to any person referred to above as being required to execute a Non-Disclosure Agreement, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit "A" hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement.

**Use of Confidential Discovery Information**. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, shall affect or restrict the rights of any Party with respect to its own documents or information produced in this action. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

**Marking Confidential Discovery Material**. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility.

**Designating Deposition Transcripts**. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will be instructed to mark the deposition transcript accordingly; or (b) notifying the reporter and all counsel of record, in writing, as soon as possible after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their

control as directed by the Producing Party or that person's counsel.

**Previously-Produced Discovery Material**. If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, all persons subject to this Order shall treat such designated portion(s) of the Discovery Material as Confidential.

**Filing of Confidential Discovery Material**. In all pre-trial filings, the Parties shall present an application and proposed order in accordance with Local Rule 79-5.1 to file any Confidential Discovery Material under seal. To the extent reasonably practicable, applications for sealing shall be limited to only those portions of a pleading, document or transcript containing Confidential Discovery Material.

**No Waiver or Ruling**. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

**Disputes Regarding Confidentiality**. If a Party believes that Confidential Discovery Material designated or sought to be designated "Confidential" by the Producing Party does not warrant such designation, it shall notify the Producing Party of its objection in writing, and make a good faith effort to resolve such dispute by meeting and conferring with counsel for the Producing Party. In the event such a dispute is not resolved, the Party may contest the designation by noticed motion or *ex parte* application to the Court, accompanied by a declaration demonstrating a reasonable and good faith effort to informally resolve the dispute. In the event of such application or motion, the party designating the Discovery Material as "Confidential" shall have the burden of proof to establish confidentiality. Such Discovery Material shall be treated in accordance with its designation, pending a ruling from the Court. If the designation is voluntarily withdrawn or successfully challenged, the Producing

Party shall re-produce the material without the challenged designation, if so requested.

**Material Not Confidential**. Nothing herein shall be construed as affecting any Party's ability to use any information designated as Confidential Discovery Material if the Receiving Party can show that the information: (a) is at the time of disclosure or thereafter becomes, through no act or omission by the Receiving Party or its employees, a part of the public domain; (b) is subsequently independently developed by the Receiving Party without reliance on the Confidential Discovery Material or was in the Receiving Party's lawful possession prior to designation as Confidential; or (c) was lawfully disclosed to the Receiving Party by a non-party that did not acquire the information under an obligation of confidentiality from or through the Producing Party.

**Use of Discovery Materials at Trial**. This Protective Order shall not govern the procedures for the introduction of exhibits at trial or the sealing of the record at trial, without prejudice to any Party's ability to seek protection for, or limit disclosure of, Confidential Discovery Material at trial to the extent permitted by law. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential.

**Inadvertent Disclosure**. The Parties shall be governed by and comply with Federal Rule of Evidence 502(d).

**Compliance with Subpoenas and Other Compulsory Processes**. Nothing in this Order shall prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party

1 shall bear the burden to oppose compliance with the subpoena, other compulsory
2 process, or other legal notice if the Producing Party deems it appropriate to do so.

3       **Conclusion of Litigation**. Within 60 days of the final disposition of this action
4 - including all appeals - all recipients of Confidential Discovery Material must either
5 return it - including all copies thereof - to the Producing Party, or destroy such
6 material - including all copies thereof. Notwithstanding this provision, counsel of
7 record for each Party may retain an archival copy of all pleadings, motion papers,
8 transcripts, expert reports, legal memoranda, correspondence, or attorney work
9 product, even if such materials contain Confidential Discovery Material. Any such
10 archival copies that contain or constitute Confidential Discovery Material remain
11 subject to this Order.

12       **Protective Order Remains in Force**. This Order shall survive the termination
13 of the litigation and shall continue to be binding upon all persons to whom
14 Confidential Discovery Material is produced or disclosed.

15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**Continuing Jurisdiction**. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

DATED: March 10, 2014   GLASER WEIL FINK JACOBS HOWARD AVCHEN & SHAPIRO LLP

By: /s/ Craig H. Marcus
PATRICIA L. GLASER
G. JILL BASINGER
CRAIG H. MARCUS
Attorneys for Plaintiff SAN DIEGO COUNTY EMPLOYEES RETIREMENT ASSOCIATION

DATED: March 10, 2014   BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS & LINCENBERG, P.C.

By: /s/ Bonita D. Moore
JOEL E. BOXER
BONITA D. MOORE
Attorneys for Defendant WALLER LANSDEN DORTCH & DAVIS LLP

**SO ORDERED.**

DATED: March 11, 2014

/S/ PATRICK J. WALSH
HONORABLE PATRICK J. WALSH

# EXHIBIT A
# NON-DISCLOSURE AGREEMENT

I, under penalty of perjury under the laws of the United States of America, declare and state as follows:

I have read the attached Stipulated Confidentiality Agreement and Protective Order ("Order") entered in the action styled *San Diego County Employees Retirement Association v. Waller Lansden Dortch & Davis LLP, et al.*, U.S.D.C. Case No. CV-14-00403-DDP-(PJWx), which currently is pending in the United States District Court, Central District of California;

I agree to comply with and be bound by the provisions of that Order; and I will not divulge to persons other than those specifically authorized by the Order, and will not copy or use, except as authorized by the Order, any Discovery Materials designated as "CONFIDENTIAL."

I consent to the jurisdiction of the United States District Court, Central District of California for the purpose of enforcing said Order, enjoining any anticipated violation of the Order or seeking damages for the breach of said Order.

My address is _____

_____

My present employer is _____

Dated: _____

Signed: _____